# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CRIMINAL NO. 1:17-CR-269 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **MAURICE LACKEY,** | : | |
| | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Defendant Maurice Lackey ("Lackey") filed a pretrial motion (Doc. 121) *in limine* seeking to exclude evidence of his prior convictions at his upcoming trial.[1] For the following reasons, the court will grant Lackey's motion.

**I.**  **Factual Background & Procedural History**

Lackey was arrested after a traffic stop on June 18, 2017. (Doc. 61 at 1). A federal grand jury returned a three-count superseding indictment charging him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I), possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count II), and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count III). (Doc. 83). Lackey pled not

---

[1] Lackey filed his motion in response to the government's notice of intent to introduce Rule 404(b) evidence, (Doc. 114), and its memorandum in support, (Doc. 115). The government's notice was not a motion seeking admission of that evidence. We will, however, construe Lackey's response as a motion *in limine* and consider the government's Rule 404(b) memorandum as part of the relevant briefing.

guilty and moved to suppress evidence found in the June 18, 2017 vehicle search. After a hearing, we denied Lackey's motion to suppress. (See Doc. 61).

Years earlier, in 2003, Lackey pled guilty to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). United States v. Lackey, No. 1:03-CR-171, Doc. 1 (M.D. Pa. July 9, 2003); id., Doc. 26 (M.D. Pa. Nov. 14, 2003). Lackey was sentenced to 180 months' imprisonment. Id., Doc. 47 (M.D. Pa. June 23, 2004).

The government filed notice of its intent to introduce evidence of Lackey's prior convictions at trial in this case under Federal Rule of Evidence 404(b). Lackey filed a motion *in limine* seeking to exclude the government's proffered Rule 404(b) evidence. The motion is ripe for disposition.

**II. Discussion**

The government intends to introduce Lackey's 2003 convictions under Federal Rule of Evidence 404(b). It contends that the evidence is relevant to non-propensity purposes "clearly at issue in this case" and is therefore admissible to show Lackey's "knowledge that cocaine base and firearms were located in his vehicle, his knowledge of drug trafficking in the Middle District of Pennsylvania, the absence of mistake, and his intent to distribute cocaine base." (Doc. 115 at 7).

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(B)(1). Such evidence, however, "may be admissible for another purpose,

2

such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). "Rule 404(b) is a rule of general exclusion," precluding prior convictions unless the proponent can show a proper purpose other than propensity. United States v. Repak, 852 F.3d 230, 240 (3d Cir. 2017) (quoting United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014)). Rule 404(b) carries "no presumption of admissibility," and thus the proponent of the prior conviction bears the burden of demonstrating its applicability. Caldwell, 760 F.3d at 276 (citation omitted).

Admission of prior convictions under Rule 404(b) requires satisfaction of four distinct steps. Id. First, the proponent of the prior conviction must identify a proper, non-propensity purpose that is "at issue" in, or relevant to, the case at hand. Id. Second, the proponent must carefully articulate how the prior conviction is relevant to proving that purpose without relying on propensity. Id. This step requires the proponent to set forth a "chain of inferences" that connects the prior conviction to the proper purpose, "no link of which is a forbidden propensity inference." Id. at 277 (quoting United States v. Davis, 726 F.3d 434, 442 (3d Cir. 2013)). Third, the court must perform a Rule 403 balancing analysis to ensure that the probative value of the prior conviction is not substantially outweighed by its "inherently prejudicial nature[.]" Id. (citation omitted). Finally, if requested, the court must provide a limiting instruction. Id. (citations omitted). This process demands "careful precision" from both the proponent of the prior conviction and the court determining its admissibility. United States v. Brown, 765 F.3d 278, 291 (3d Cir. 2014) (citing Caldwell, 760 F.3d at 274).

3

The government has failed to satisfy the first step in the Rule 404(b) process. Without explanation or reasoning, the government identifies three non-propensity purposes that it claims are "clearly at issue in this case": (1) knowledge; (2) absence of mistake; and (3) intent. (Doc. 115 at 7; see also FED. R. EVID. 404(b)(2)). But the proponent of 404(b) evidence must do more than "pluck[] a non-propensity purpose from the list in Rule 404(b)(2)." United States v. Johnson, 1:16-CR-162, 2017 WL 5135355, at *3 (M.D. Pa. Nov. 6, 2017). Indeed, the Third Circuit has stressed that "a proponent's incantation of the proper uses of [prior act] evidence ... does not magically transform inadmissible evidence into admissible evidence." Caldwell, 760 F.3d at 276 (alterations in original) (quoting United States v. Morley, 199 F.3d 129, 133 (3d Cir. 1999)). Other than its threadbare recitals of Rule 404(b) exceptions, the government has not explained why its proffered non-propensity purposes are "of consequence in determining the action." Id. (quoting FED. R. EVID. 401(b)).

Starting with knowledge (and conversely the absence of mistake), the government claims that Lackey's prior convictions for an almost identical offense show knowledge that cocaine base and firearms were in his car, as well as general knowledge regarding drug trafficking in this judicial district. (Doc. 115 at 7). The problem here is that the government has not explained how Lackey's knowledge of this information is legitimately "at issue" in this case. Nothing in the existing record suggests that Lackey's knowledge regarding the presence of cocaine base or firearms in his car, or regional practices for trafficking drugs, is specifically disputed. Lackey simply claims he is innocent, which alone is not enough to put

these non-propensity purposes at issue.  See Johnson, 2017 WL 5135355, at *4 (citing United States v. Lee, 612 F.3d 170, 186-87 (3d Cir. 2010)).

The government also does not adequately explain how Lackey's intent to distribute cocaine base is at issue or demonstrated by his prior convictions, other than arguing that courts have allowed such evidence.  (See Doc. 115 at 7-13).  That approach is unpersuasive.  Admissibility determinations under Rule 404(b) are necessarily fact-intensive and depend largely on the relevant offense.  See Johnson, 2018 WL 1367328, at *8 (M.D. Pa. Mar. 16, 2018) (citing Caldwell, 760 F.3d at 277; Deena Greenberg, *Closing Pandora's Box: Limiting the Use of 404(b) to Introduce Prior Convictions in Drug Prosecutions*, 50 HARV. C.R.-C.L. REV. 519, 537 (2015)).

To the extent the government is arguing that intent is at issue because it is an element of the underlying offense, the Third Circuit has foreclosed such a tactic.  The Caldwell panel explicitly rejected the premise that "by denying guilt of an offense with a knowledge-based *mens rea*, a defendant opens the door to admissibility of prior convictions of the same crime."  Caldwell, 760 F.3d at 281 (citing United States v. Miller, 673 F.3d 688, 697 (7th Cir. 2012)).  To do so would "eviscerate Rule 404(b)'s protection and completely swallow the general rule against admission of prior bad acts."  Id.  The fact that Lackey contests his guilt does not automatically put intent at issue.  For all of these reasons, the government has failed to meet its burden at step one.

Assuming *arguendo* that the government's recitation of non-propensity purposes satisfies its burden at step one, it fails at step two.  The second step in the Rule 404(b) process is "crucial."  Caldwell, 760 F.3d at 276.  The proponent must do

more than merely "pigeonhole" the evidence into one of the categories permitted by Rule 404(b)(2), and instead must show that the prior convictions actually "prove something other than propensity." Id. (alteration in original) (citation omitted). Thus, the proponent must outline how the proffered evidence fits into a "chain of inferences ... that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." Davis, 726 F.3d at 442 (citing United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992)). Stated differently, the proponent must explain "how the evidence should work in the mind of a juror to establish the fact the [proponent] claims to be trying to prove." Repak, 852 F.3d at 244 (quoting Brown, 765 F.3d at 294). The proponent must carefully articulate this chain of inferences because proffered evidence may be irrelevant to a non-propensity purpose "at issue" or relevant in an impermissible way. Id. at 243 (quoting Caldwell, 760 F.3d at 281).

Lackey's prior convictions are surely relevant to his instant drug-trafficking and firearms charges. If believed, the fact that Lackey committed similar offenses in the past makes it "more ... probable than it would be without the evidence" that he is capable of committing the instant offenses—a consequential fact in the outcome of this case. FED. R. EVID. 401. But the government has not explained how the evidence would work in the minds of the jury to prove its case without impermissibly suggesting propensity. Repak, 852 F.3d at 244.

The government does not attempt to establish a "chain of inferences" with regard to intent. As to knowledge, the government claims that Lackey's prior conviction suggests specialized knowledge in the pricing, trafficking, identification,

6

packaging, and distribution of cocaine base, and that his firearm conviction shows his awareness of the use of firearms in drug trafficking, general firearm operation, and sources of firearms in the region. (Doc. 115 at 7-8). The government then abruptly concludes that this "goes directly to the defendant's knowledge the drugs and firearms were in the vehicle, knowledge of drug trafficking techniques in the area, the absence of a mistake, and his intent to distribute drugs." (Id.) But it fails to cogently connect the dots. The government does not explain how Lackey's general purported knowledge relates to *this case* and *these charges* and establishes that Lackey knew that drugs and firearms were in *this vehicle*. Its argument can only be read as suggesting that, because Lackey was found guilty of a similar crime in 2003, it is likely that he committed the crime again. Lackey's convictions are therefore "relevant only in an impermissible way." Repak, 852 F.3d at 243 (quoting Caldwell, 760 F.3d at 281). Rule 404(b) prohibits this kind of inference. Caldwell, 760 F.3d at 282; Johnson, 2017 WL 5135355, at *5.[2]

The government also relies on a slew of unreported Third Circuit cases in support of its argument that Lackey's convictions are admissible under Rule 404(b). (See Doc. 115 at 9-11). We do not find these cases persuasive. We also find

---

[2] The government states that it is not attempting to introduce the underlying facts of Lackey's previous convictions. (Doc. 115 at 8 n.3). But if the prior convictions were truly intended to serve a non-propensity purpose, the underlying facts of Lackey's convictions would be relevant to establishing his unique knowledge, absence of mistake, or intent in the current prosecution. The government's attempt to point to prior convictions devoid of their details indicates that the true purpose of the 404(b) evidence is simply to suggest that Lackey has a propensity for committing the instant offenses.

misguided any reliance on United States v. Givan, 320 F.3d 452 (3d Cir. 2003). In that case, the district court allowed evidence of a prior drug distribution conviction to show knowledge and intent. Id. at 461. The prior conviction was introduced to rebut the defendant's theory of innocent association with the passengers in a car in which drugs were found. Id. at 460-61. The defendant's theory indicated that he arguably put his knowledge and intent at issue. Id.; see also United States v. Lopez, 340 F.3d 169, 174 (3d Cir. 2003). The Third Circuit has since explained that Givan lies "at the outer bounds of admissibility under Rule 404(b)." Davis, 726 F.3d at 444.

The other cases upon which the government relies predate the Third Circuit's more recent and comprehensive decisions involving the admissibility of Rule 404(b) evidence. See Repak, 852 F.3d at 240-50; Brown, 765 F.3d at 291-94; Caldwell, 760 F.3d at 274-84; Davis, 726 F.3d at 440-45; United States v. Smith, 725 F.3d 340, 344-48 (3d Cir. 2013). Cases like United States v. Lopez, 340 F.3d 169 (3d Cir. 2003), Unites States v. Boone, 279 F.3d 163 (3d Cir. 2002), and United States v. Vega, 285 F.3d 256 (3d Cir. 2002), remain binding precedent in this circuit. Yet none of these cases is factually similar to this case or stands for the broad proposition that prior drug distribution convictions are always admissible to establish knowledge, absence of mistake, or intent.

The government has failed to carry its burden at steps one and two, precluding admission of the prior-conviction evidence. Accordingly, we need not reach steps three or four of the Rule 404(b) analysis and Lackey's prior convictions are inadmissible. Our decision is made without prejudice.

## III. Conclusion

We will grant Lackey's motion (Doc. 121) *in limine* without prejudice. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: December 2, 2019